# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.,<br><br>    Plaintiffs,<br><br>v.<br><br>EGLO LEUCHTEN GMBH and EGLO HONG KONG LIGHTING LTD<br><br>    Defendants. | Civil Action No. 6:22-cv-00812-ADA<br><br>**JURY TRIAL DEMANDED** |

## CASE READINESS STATUS REPORT

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively "Signify" or "Plaintiffs") and Defendants EGLO Leuchten GmbH and EGLO Hong Kong Lighting Ltd. (collectively, "EGLO" or "Defendants") hereby provide the following status report.

### SCHEDULE

A scheduling order has not yet been filed. No Markman date or trial date has been set or proposed. The parties intend to circulate a proposed schedule within the next two weeks.

### FILING AND EXTENSIONS

Signify's Complaint was filed on July 25, 2022. (Dkt. 1.) EGLO filed an unopposed motion for extension of time for 90 days to file an answer or otherwise respond to Signify's Complaint. (Dkt. 17).

### RESPONSE TO THE COMPLAINT

EGLO filed an Answer to the Complaint on November 21, 2022. (Dkt. 20). No counterclaims were filed.

1

## PENDING MOTIONS

There is no currently-pending motion in this case.

## RELATED CASES IN THIS JUDICIAL DISTRICT

There are no related cases in this District.

## IPR, CBM, AND OTHER PGR FILINGS

There are no known IPR, CBM, or other PGR filings.

## NUMBER OF ASSERTED PATENTS AND CLAIMS

Signify has asserted that EGLO infringes 54 claims of nine patents, as follows:

(1) U.S. Patent No. 7,182,480 ("the '480 Patent"), claims 1, 2, 3, 13, 14, and 15.

(2) U.S. Patent No. 7,256,554 ("the '554 Patent"), claims 1, 2, 5, 6, 46, 47, 49, 50, and 51.

(3) U.S. Patent No. 7,737,643 ("the '643 Patent"), claim 25.

(4) U.S. Patent No. 8,070,328 ("the '328 Patent"), claims 1, 5, 6, 7, 9, 10, 14, and 15.

(5) U.S. Patent No. 8,348,479 ("the '479 Patent"), claims 1, 2, 4, 5, 13, 14, 16, 19, and 20.

(6) U.S. Patent No. 7,543,956 ("the '956 Patent"), claims 1 and 2.

(7) U.S. Patent No. 7,852,017 ("the '017 Patent"), claims 1, 2, 3, 6, 7, 9, 11, 12, 14, 15, 16, 21, and 22.

(8) U.S. Patent No. 8,963,449 ("the '449 Patent"), claims 1, 10, 19, and 24.

(9) U.S. Patent No. 8,174,204 ("the '204 Patent"), claims 1 and 10.

Signify served Preliminary Infringement Contentions on December 5, 2022.

## APPOINTMENT OF TECHNICAL ADVISOR

The parties have met and conferred. Plaintiff believes that appointment of a technical advisor would aid the Court. Defendants do not believe a technical advisor is necessary for this case.

## MEET AND CONFER STATUS

Parties have met and conferred and have one pre-*Markman* issue to raise at the CMC.

Defendants seek limited discovery of a discrete set of Plaintiff's licenses to the Patents-in-Suit to be produced within a reasonable amount of time pre-*Markman* to facilitate the parties' ongoing settlement discussions, pursuant to OGP 4.2 Section III.  Plaintiff publicly represents that the Patents-in-Suit (and/or related patents) have been the subject of thousands of licenses.  These documents may help establish an effective royalty for the Patents-in-Suit as recognized by the *Georgia Pacific* case and will facilitate the possibility of an early resolution of this matter.  To further aid settlement discussions, Defendant is likewise willing to produce a discrete set of sales information regarding the Accused Products pre-*Markman*.

Plaintiff does not seek pre-*Markman* discovery and believes that, absent agreement between the parties, the Court should not require the parties to engage in this burdensome discovery prior to *Markman*.  *See* Standing Order Governing Proceedings (OGP) 4.2—Patent Cases, p. 3 n.2 ("To the extent it may promote early resolution, the Court encourages the parties to exchange license and sales information, but *any such exchange is optional during the pre-Markman phase of the case*." (emphasis added)).  No "exceptional circumstances" exist in this case that warrant Defendant's requested pre-*Markman* discovery.  *Id.* at 3 ("Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant it.").

Dated: January 10, 2023                                         Respectfully submitted,

By: */s/ Brady Cox*                                                  By: */s/ Christopher Kao*
Theodore Stevenson, III (TX 9196650)            Christopher Kao (*admitted*)
Brady Cox (TX 24074084)                                 christopher.kao@pillsburylaw.com
**ALSTON & BIRD LLP**                                  **Pillsbury Winthrop Shaw Pittman LLP**
2200 Ross Avenue, Suite 2300                        4 Embarcadero Center, 22nd Floor
Dallas, Texas 75201                                            San Francisco, CA  94111

3

Phone: (214) 922-3400
Fax: (214) 922-3899
Email:ted.stevenson@alston.com
Email:brady.cox@alston.com

Adam D. Swain (pro hac vice)
**ALSTON & BIRD LLP**
950 F. Street, NW
Washington, D.C. 20004-1404
Phone: (202) 239-3300
Fax: (202) 239-3333
Email: adam.swain@alston.com

Philip Ducker (pro hac vice)
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105-0912
Phone: 415-243-1059
Fax: 415-243-1001
Email:phil.ducker@alston.com

Joshua D. Rice (pro hac vice)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Phone: 404-881-7430
Fax: 404-881-7777
Email:josh.rice@alston.com

*Attorneys for Plaintiffs*

Telephone:   415.983.1000
Facsimile:   415.983.1200

Steven P. Tepera (TX 24053510)
  steven.tepera@pillsburylaw.com
Ben Bernell (TX 24059451)
  ben.bernell@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
401 Congress Avenue, Suite 1700
Austin, TX  78701
Telephone:   512-580-9651
Facsimile:   512-580-9601

*Attorneys for Defendants*